New Jersey Department of Labor,
Workmen's Compensation Bureau.

CYRUS JOHN WAGNER, INFANT, BY HIS NEXT FRIEND,
ANNA WAGNER, PETITIONER, v. MAURICE B. LEWIS,
INDIVIDUALLY AND TRADING AS M. B. LEWIS CO.,
AND WILLIAM C. SMITH, JOINTLY, SEVERALLY, AND
IN THE ALTERNATIVE, RESPONDENTS.

Decided November 15, 1935.

For the petitioner, *Albert B. Kahn.*

For the respondent, *Horace G. Brown.*

\*       \*       \*       \*       \*       \*       \*

Cyrus Wagner (decedent), thirty-one years of age, lived with Anna Wagner and their infant son, the infant petitioner, Cyrus John Wagner, at Wrightstown, New Jersey. Decedent was employed by respondents, Maurice B. Lewis, individually and trading as M. B. Lewis Company and William C. Smith, as a laborer on a road construction job on the Jobstown-Hancock's Corner road, in Burlington county, New Jersey, at an hourly wage of forty cents and received, as was stipulated by the parties, a sum in excess of $10 each week. Decedent had always been strong, robust, of good health, and of a jovial disposition, and had been engaged in laboring work for a considerable period of time. He had been a willing worker and had no knowledge of any diseased heart or arterial condition. On July 16th, 1934, said decedent arrived at work before seven A. M. and immediately commenced doing heavy laboring work, dragging heavy limbs from the side of

808

the road on to a nearby field, digging up a heavy iron stop sign with a concrete base, and dragging this from the road on to the same field, and then sawing a tree trunk in half with a fellow workman with a lumberman's saw, who characterized decedent as not being a "finished sawyer." After sawing about fifteen minutes, the fellow workman noticed that decedent appeared ill and suggested to decedent that he rest for a few minutes but decedent insisted on continuing with the work and a minute or two later collapsed and never regained consciousness, and was dead before medical aid arrived. An autopsy was performed at the Burlington County Hospital upon the order of the insurance carrier of respondents, which revealed a diseased heart condition and the only direct cause of death as a complete but temporary occlusion (blocking) of the coronary artery (artery which feeds the heart), causing practically instant death. The medical testimony all pointed to the fact that the occlusion was caused by an increase in blood pressure due to the laborious work which petitioner was performing at the time, which increase in blood pressure, acting upon an already diseased and weakened heart and arteries, caused the death as the result of an accident arising out of and in the course of the employment. The only dependent entitled to compensation is the petitioner, who was born on June 17th, 1933, and was thirteen months old at the time of the death of his father on July 16th, 1934. Compensation, based on one dependent, calls for thirty-five per cent. of the wages of decedent, which will be below the minimum provided by law, and at the time of the hearing, the parties agreed that the minimum compensation rate of $10 per week applies to this case and therefore petitioner is entitled to $10 per week until he reaches the age of sixteen years, a period of seven hundred seventy-eight and four-sevenths weeks, payments to commence as of July 16th, 1934.